By the Court.
 

 Error is prosecuted from the action of the Public Utilities Commission denying the motion of the city of Cincinnati to strike from the files of the commission the schedule filed by the Union Gas & Electric Company, April 30, 1925, setting forth its proposed rates and charges for natural gas service in the city of Cincinnati and other parts of Hamilton county.
 

 In the hearing before the commission it was disclosed that prior to April 30, 1925, natural gas was furnished by the company pursuant to and in accordance with the provisions of a regulatory ordinance in the city of Cincinnati, which expired
 
 *690
 
 ■with that month; that on April 28, 1925, the council of the city of Cincinnati passed an ordinance fixing the rates to be charged for service by the gas and electric company, which ordinance was filed with the mayor of the city on April 29, vetoed by him on May 1, and passed over his veto on May 19; and that on May 26 the company filed its written acceptance of the ordinance. It was further disclosed that the court of common pleas of Hamilton county, in an action therein pending, had decided that said rate-fixing ordinance did not become effective until 30 days after the passage thereof over the mayor’s veto, and accordingly enjoined the city and the company from putting into effect the terms of the ordinance. This is the situation presented to the commission, and we are confined to the facts disclosed by that record. The motion of the city to strike the schedule from the files was filed May 6, and was denied May 29.
 

 The commission announced that it was not passing or attempting to pass upon the reasonableness of the rates and charges carried in the schedule, that question not being before it for determination; but the commission found that there was no rate-fixing ordinance in effect in the city of Cincinnati for the period between May 1, 1925, and the effective date of the ordinance in question, and decided that, in the absence of a rate-fixing ordinance, a public utility has the right to file with the CQmmission a schedule carrying its rates and charges covering the period of time during which there is no rate-fixing ordinance in effect; and it was upon such ground that the motion to strike the
 
 *691
 
 schedule from the files was overruled. It is conceded that the rates and charges named in the schedule filed are precisely the same as the rates and charges fixed in the ordinance in question.
 

 As disclosed hy the facts above stated, there was no regulatory ordinance of the city, or contract between the company and the city, prescribing rates to be charged, in effect during the period referred to. We therefore find that there was no error on the part of the commission in refusing to strike the schedule of rates from its files.
 

 Order affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.